# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALYSSA SCHUKAR and SCOTT OLSON,

        Plaintiffs,

v.

KENOSHA COUNTY, DAVID G. BETH,
CITY OF KENOSHA, DANIEL G.
MISKINIS, RACINE COUNTY,
CHRISTOPHER K. SCHMALING, CITY
OF RACINE, ART HOWELL,
WAUKESHA COUNTY, ERIC J.
SEVERSON, OZAUKEE COUNTY,
JAMES JOHNSON, VILLAGE OF
PLEASANT PRAIRIE, DAVID
SMETANA, SAUK COUNTY, CHIP
MEISTER, BRIAN DOE, STEVEN
ROBAKOWSKI, FRANK MCELDERRY,
NICOLAS OLINGER, NICK KIBLER,
KENOSHA COUNTY SHERIFF
DEPUTIES JOHN DOES 1–10, RACINE
COUNTY SHERIFF DEPUTIES JOHN
DOES 1–10, WAUKESHA COUNTY
SHERIFF DEPUTIES JOHN DOES 1–10,
OZAUKEE COUNTY SHERIFF
DEPUTIES JOHN DOES 1–10, SAUK
COUNTY SHERIFF DEPUTIES JOHN
DOES 1–10, CITY OF KENOSHA POLICE
OFFICER JOHN DOES 1–10, CITY OF
RACINE POLICE OFFICER JOHN DOES
1–10, VILLAGE OF PLEASANT PRAIRIE
POLICE OFFICER JOHN DOES 1–10,
DELAFIELD POLICE OFFICER JOHN
DOES 1–10, and UNKNOWN LAW
ENFORCEMENT JOHN DOES 1–10,

        Defendants.

Case No. 23-CV-880-JPS

# PROTECTIVE ORDER

On February 6, 2024, the parties in the above-captioned matter stipulated to and moved for the entry of a protective order, and also submitted a proposed protective order. ECF No. 48. The parties request that the Court enter such an order because they anticipate that discovery in this case will involve the exchange of "documents containing social security numbers, medical and employment materials, and training documents associated with the various jurisdictions involved." *Id.* at 1. Therefore, "[t]o facilitate open and efficient discovery and the exchange of confidential materials," the parties request entry of a protective order. *Id.* at 2.

Federal Rule of Civil Procedure Rule 26(c) allows for an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including "requiring that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); *see also* Civ. L.R. 26(e).

Protective orders are an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets . . . and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause and that the order is narrowly tailored to serve that cause. Fed. R. Civ. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (even when parties

agree to the entry of a protective order, they still must demonstrate the existence of good cause). The Court can find that even broad, blanket orders are narrowly tailored and permissible when it finds that two factors are satisfied:

> (1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and

> (2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006).

The Court finds that the parties have requested the protective order in this action in good faith. The parties report that this case will entail the disclosure of sensitive information about the parties. ECF No. 48. Thus, the Court is satisfied that there exists a sufficient basis for the requested protective order.

Because the parties' proposed protective order adequately complies with the standards set forth above, the Court will enter an order based on the parties' submission. The Court makes two minor modifications to the parties' protective order: (1) to clarify the difference between a "restricted" document and a "sealed" document, and that both are options for motions filed under General Local Rule 79(d), *see infra* Paragraph (C)(2), and (2) to allow both parties and interested members of the public to challenge the designation of confidentiality by motion, *see infra* Paragraph (D).

Accordingly,

**IT IS ORDERED** that the parties' stipulated motion for a protective order, ECF No. 48, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** pursuant to Fed. R. Civ. P. 26(c) and Civil L.R. 26(e):

## A. DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION

Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(1) One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

(2) One who produces information, documents, or other material may designate them as "ATTORNEY'S EYES ONLY" when the person in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(3) Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents, or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents,

or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4)    Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(5)    If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

## B.    DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION

Information, documents, or other material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals). The parties must not disclose information, documents, or other

material designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified. Nothing in this Order prohibits a receiving party that is a government agency from following its routine uses and sharing such information, documents or other material with other government agencies or self-regulatory organizations as allowed by law.

(1)     CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

(a)     Disclosure may be made to employees of counsel for the parties or, when the party is a government entity, employees of the government, who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b)     Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material.

(c)     Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material.

Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d)　　Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e)　　Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f)　　Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(2)　　ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a)　　Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b)     Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(c)     Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(d)     Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(e)     Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

## C.     MAINTENANCE OF CONFIDENTIALITY

Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1)     All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents,

or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

(2)     Parties may seek to have a document either "restricted" or "sealed." Gen. L.R. 79(d)(1). Restricted documents can be accessed only by the Court and counsel for both parties, whereas only the Court can access sealed documents. *Id.* To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed "restricted" or "sealed" by the filing party with the Clerk of Court utilizing the procedures set forth in General L.R. 79(d). If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a third party, the party making the filing shall provide notice of the filing to the third party.

### D.     CHALLENGES TO CONFIDENTIALITY DESIGNATION

A party or interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

Case 2:23-cv-00880-JPS   Filed 02/07/24   Page 9 of 10   Document 49

**E.      CONCLUSION OF LITIGATION**

At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

Dated at Milwaukee, Wisconsin, this 7th day of February, 2024.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge